IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RIZVAN MIRZA, *et al.*, | ) | Case No. 1:22-cv-531 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | THOMAS M. PARKER |
| | ) | |
| TABATABAI INVESTMENT | ) | |
| PARTERNS LP, *et al.*, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |
| | ) | |

Defendants Tabatabai Investment Partner, LP ("TIP"), Tabatabai Investment Management, LLC ("TIM"), and Alireza Tabatabai have moved to dismiss the case for lack of subject matter jurisdiction (ECF Doc. 54).  They earlier moved to dissolve the prejudgment attachment order issued on August 11, 2023 (ECF Doc. 42).  The parties consented to the jurisdiction of the magistrate judge pursuant to 28 U.S.C. § 636, *et seq.*  ECF Doc. 16.  For the reasons that follow, the defendants' motions will be GRANTED.

I.      **Background**

On April 4, 2022, plaintiffs Rizvan Mirza and JMP AZ, LLC ("JMP") filed a complaint against TIP, TIM, and Tabatabai asserting six state law claims: (i) breach of contract, against TIP (Count One); (ii) conversion, against TIP (Count Two); (iii) breach of fiduciary duty, against TIM and Tabatabai (Count Three); (iv) accounting, against TIP (Count Four); (v) piercing the veil, against Tabatabai; and (vi) loan claim – breach of contract, against Tabatabai (Count Six). ECF Doc. 1.  Plaintiffs alleged that the court had subject matter jurisdiction over this matter

pursuant to 28 U.S.C. § 1332, based on the following allegations concerning the parties, which purported to establish complete diversity of citizenship between plaintiffs and defendants: (i) Mirza resides in California and is a limited partner of TIP; (ii) JMP is an Arizona limited liability company with its principal address in Arizona; (iii) TIP is a Delaware limited partnership that maintains a mailing address in Illinois; (iv) TIM is the general partner of TIP and is a Delaware limited liability company that maintains an office in Illinois and Ohio; and (v) Tabatabai maintains a residence in Illinois.  *Id.* ¶¶ 2-7.

On August 11, 2023, the court granted plaintiffs' *ex parte* motion for prejudgment attachment (ECF Doc. 29), ECF Doc. 34, and issued a corresponding order of attachment, ECF Doc. 35.  Defendants filed a motion to dissolve the prejudgment attachment.  ECF Doc. 42. Subsequently, the court held a hearing on the prejudgment attachment, ECF dkt. entry dated Aug. 30, 2023, and the parties filed supplemental briefing on the issue, ECF Docs. 43-49.

On October 30, 2023, the court, *sua sponte*, ordered plaintiffs to show cause why this case should not be dismissed for lack of subject matter jurisdiction and instructed them, if they believed diversity jurisdiction existed, to provide evidence that sufficiently established the citizenship of all parties and complete diversity of citizenship.  ECF Doc. 50.

Plaintiffs filed a brief in support of jurisdiction, which provided, in relevant part: (i) a sworn affidavit of Mirza, wherein he attested that he was a domiciliary and citizen of California, ECF Doc. 52-2; (ii) a sworn affidavit of Jignesh Patel, wherein he attested that he was a citizen of Arizona and the sole member of JMP, ECF Doc. 52-3; and (iii) defendants' objections and answer to plaintiffs' supplemental interrogatories, ECF Doc. 52-4.  Defendants' response to the supplemental interrogatories listed TIP's limited partners along with their corresponding "State of Residency" – with some limited partners having California listed as their state of residency.

2

ECF Doc. 52-4 at 1-2. The response also listed Tabatabai as the sole member of TIM and provided Pennsylvania as his state of residency. *Id.* at 2. Plaintiffs stated that they did not have personal knowledge of the identities of TIP's partners, contending this information was in defendants' exclusive possession, and requested that this court order defendants to provide the necessary information to confirm diversity jurisdiction in this matter. ECF Doc. 52 at 3.

The court ordered defendants to provide evidence that sufficiently established the citizenship of each defendant. ECF Doc. 53. In response, defendants filed a motion to dismiss for lack of jurisdiction. ECF Doc. 54. The motion to dismiss provided the sworn affidavit of Pontea Shabkhiz, who attested that he was a citizen of California and a limited partner of TIP from 2015 to the present. ECF Doc. 54-1. Defendants also provided a sworn affidavit of Tabatabai, who attested that he: (i) was the managing member of TIM and general partner of TIP from 2015 to the present; (ii) was a citizen of Pennsylvania; and (iii) had attached 2020 and 2022 K-1 tax records which demonstrated that Pontea Shabkhiz, Irinva Tarasova, and Eric Wilhelm were all limited partners of TIP and citizens of California. ECF Doc. 54-5 at 1-8.

Defendants seek dismissal of this action because evidence now demonstrates that several limited partners of defendant TIP and plaintiff Mirza are all citizens of California and, therefore, there is no complete diversity of citizenship. ECF Doc. 54 at 3.

Plaintiffs' response to defendants' motion to dismiss concedes that there is no complete diversity of citizenship between plaintiffs on the one hand and all defendants and the persons who serve as limited partners of the defendant partnerships on the other hand. And plaintiffs concede the court lacks subject matter jurisdiction. Plaintiffs indicated their intention to seek a joint stipulation of dismissal. ECF Doc. 55.

3

## II.      Discussion

Because of the limited jurisdiction of the federal courts, this court has an independent

obligation to examine its own jurisdiction to ensure that it has the authority to proceed.  *See, e.g.*,

*Nikolao v. Lyon*, 875 F.3d 310, 315 (6th Cir. 2017) (citations and quotations omitted); *Mercurio*

*v. American Express Centurion Bank*, 363 F. Supp. 2d 936, 938 (N.D. Ohio 2005).  "[F]ederal

courts have a duty to consider their subject matter jurisdiction in regard to every case and may

raise the issue *sua sponte*."  *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556

F.3d 459, 465 (6th Cir. 2009).  "If the court determines at any time that it lacks subject-matter

jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

In general, federal courts have original jurisdiction only over civil actions that arise under

the Constitution, laws, or treaties of the United States (federal question jurisdiction), or when a

civil action both (i) involves parties of diverse citizenship and (ii) meets the amount-in-

controversy requirement (diversity jurisdiction). *See* 28 U.S.C. §§ 1331; 1332(a); *see also*

*Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Absent diversity of citizenship, federal-

question jurisdiction is required.").  Diversity jurisdiction requires complete diversity of

citizenship, meaning that no plaintiff is a citizen of the same state as any defendant.  *Glancy v.

Taubman Ctrs., Inc.*, 373 F.3d 656, 664 (6th Cir. 2004) (citing *Caterpillar, Inc. v. Lewis*, 519

U.S. 61, 68 (1996)); *see also Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978)

(explaining that "diversity jurisdiction does not exist unless *each* defendant is a citizen of a

different State from *each* plaintiff" (emphasis in original)).

 "For purposes of determining diversity jurisdiction, a limited partnership is deemed to be

a citizen of every state where its general and limited partners reside."  *V & M Star, LP v.

Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010) (quoting *Hooper v. Wolfe*, 396 F.3d 744,

4

748 (6th Cir. 2005); *and* citing Federal Procedure, Lawyer's Edition § 1:165 (Thomson Reuters 2009) ("A limited partnership is a citizen of each state  in which its general and limited partners, including general and limited partners who are partners of other partners in [a] multi-tiered structure, hold citizenship.")).  An individual party is deemed a citizen of the state of his or her domicile. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990); *Stifel v. Hopkins*, 477 F.2d 1116, 1120 (6th Cir. 1973).

Plaintiffs have submitted an affidavit identifying Mirza as a citizen of California.  ECF Doc. 52-2.  Defendants have submitted documentation and affidavits demonstrating that, at the filing of the complaint, several limited partners of TIP were citizens of California.  *See* ECF Docs. 54, 54-1, 54-5.  Accordingly, there is no complete diversity of citizenship, and this court lacks subject matter jurisdiction over the action.  In the absence of subject matter jurisdiction, the court lacks authority to hear this case and must dismiss the action.  *See Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 701 (6th Cir. 1978) ("Rule 12(h)(3) preserves and recognizes the court's time-honored obligation, even *sua sponte*, to dismiss any action over which it has no subject-matter jurisdiction.").  Moreover, because it lacked jurisdiction over the case, there was no authority to issue an attachment order and the court must dissolve the order issued on August 11, 2023 (ECF Doc. 35).

## III.    Conclusion

For the foregoing reasons, defendants' motion to dismiss (ECF Doc. 54) is GRANTED and the case is DISMISSED for lack of subject matter jurisdiction.  Defendants' motion to dissolve the prejudgment attachment (ECF Doc. 42) is GRANTED.  The order of attachment (ECF Doc. 35) is VACATED and the attachment is hereby DISSOLVED.  Notice of the vacatur

of the order shall be delivered to the entity that holds the previously attached assets.  Any other

pending motions are DENIED as MOOT.

**IT IS SO ORDERED.**

Dated: December 7, 2023

Thomas M. Parker
United States Magistrate Judge